<div style="float:right">STARR<br>v.<br>HARRINGTON.</div>

(1) See *ante* p. 500.

---

STARR *v.* HARRINGTON.—On appeal.

SLANDER. Charge complained of, perjury. The declaration alleges that there was a suit in the *Porter* Cir-

Nov. Term, 1849.

cuit Court by *Jesse Raby* against *Ruel Starr;* that, on the trial of that suit, *Thomas K. Harrington*, the plaintiff in this suit, was a witness, and that he swore that the said *Ruel Starr* had said of the said *Jesse Raby*, " he (said *Raby* meaning) stole my wheat, (meaning said *Starr's* wheat,) and I (meaning said *Starr*) can prove it ;" that afterwards said *Starr*, in speaking of the said statement of the said *Harrington* as such witness, said " he (said *Harrington* meaning) swore to a damned lie, and I can prove it," meaning thereby that said *Harrington* (the plaintiff in this suit) had committed perjury, &c. Upon this charge this suit is brought. The defendant, *Starr*, pleaded to this suit, in justification—1. That the plaintiff (*Harrington*) did, by the statement set out in the declaration, which said *Harrington* made on said trial, commit perjury; 2. That, by another and different statement, which he made in another part of his evidence on said trial, he committed perjury. A general demurrer was sustained to these pleas, and the plaintiff had judgment. We think the first plea good, and the second bad. The judgment is reversed with costs. Cause remanded, &c.